UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DONNA HOUCK, | ) | CIV. 12-4197-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING DEFENDANTS' |
| | ) | MOTION TO DISMISS |
| ESA, INC. and | ) | |
| WILLIAM ENGEL, JR., individually | ) | |
| | ) | |
| Defendants. | ) | |

Defendants, ESA, Inc. and William Engel, Jr., move to dismiss plaintiff, Donna Houck's, complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Defendants contend that Houck did not timely file an administrative complaint within the time prescribed by 42 U.S.C.A. § 2000e-5(e)(1). Houck opposes the motion and contends that she did file a charge with the EEOC within the 300-day requirement, thereby exhausting her administrative remedies. Furthermore, Houck alleges that she has pleaded sufficient facts to survive a motion to dismiss and that if the motion to dismiss was converted to a motion for summary judgment, there are genuine issues of material fact.

According to her complaint, Houck was hired as an accountant at ESA in January of 2010. She alleges that problems developed in her working relationship with Engel and that he began sending her inappropriate text messages and engaging in other unwelcome conduct in April and May of 2010. She alleges that she was constructively discharged from her employment with

ESA on July 12, 2010. The complaint alleges: "On or about February 28, 2011, [Houck] timely submitted a Charge of Discrimination against Defendant on the basis of sex to the [Equal Employment Opportunity Commission] EEOC." Docket 1 at 2.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to review the complaint as a whole to determine whether the plaintiff has stated a claim upon which relief can be granted. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009). The facts alleged in the complaint must be considered true, and all inferences must be viewed in favor of the nonmoving party. *Strand v. Diversified Collection Serv., Inc.,* 380 F.3d 316, 317 (8th Cir. 2004). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). "A complaint states a plausible claim for relief if its 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Braden,* 588 F.3d at 594 (quoting *Iqbal,* 556 U.S. at 678).

The Eighth Circuit Court of Appeals has held that when considering a motion to dismiss under Rule 12(b)(6), a statement in the plaintiff's complaint that she timely filed charges of employment discrimination with the EEOC is sufficient to meet the liberal pleading standard of Federal Rule of Civil Procedure 8(a). *Brooks v. Midwest Heart Grp.,* 655 F.3d 796, 801 (8th Cir. 2011). This is

particularly true when considering the issue of failure to exhaust administrative remedies for a Title VII claim because discovery may uncover facts that relate to a claimant's eligibility for equitable tolling. *Id.*; *see also Miller v. Runyon,* 32 F.3d 386, 389 (8th Cir. 1994) (stating equitable tolling is permitted in Title VII actions). Here, Houck stated in her complaint that her submission to the EEOC was timely submitted. Therefore, the court finds this sufficient to survive a motion to dismiss.

Defendants argue that the Eighth Circuit's decision in *Olson v. Rembrandt Printing*, 511 F.2d 1228, 1231 (8th Cir. 1975), is directly on point and controls here. In *Olson*, the Eighth Circuit held that:

> [A] charge of employment discrimination must be filed within 180 days whether or not the complainant is in a deferral state. If in a deferral state it must be filed with the state or local agency within 180 days. The complainant is then given the extended period for filing with the EEOC to allow him to pursue his state claim without waiving possible relief under the Federal Act.

*Id.* at 1233. Defendants claim that *Olson* supports their contention that Houck's claim is untimely because Houck did not file her charge with the state agency within the state filing time period of 180 days as set forth in SDCL 20-13-31, and she waited more than 180 days to file her charge with the EEOC, which exceeds the filing time period set forth in 42 U.S.C. § 2000e-5(e)(1). The federal statute provides as follows:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . , except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted

> proceedings with a State or local agency with authority to grant or seek relief from such practice . . . , such charge shall be filed . . . within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier[.]

42 U.S.C. § 2000e-5(e)(1).

But both the United States Supreme Court and the Eighth Circuit have rejected the *Olson* holding. In *Mohasco Corp. v. Silver*, 447 U.S. 807 (1980), the Supreme Court stated: "Congress included no express requirement that state proceedings be initiated by any specific date in the portion of the subsection that relates to time limitations in deferral States. . . . [T]he *Olson* approach . . . is not compelled by the plain meaning of the statutory language." *Id.* at 816 n.19. And in *EEOC v. Shamrock Optical Co.*, 788 F.2d 491 (8th Cir. 1986), the Eighth Circuit recognized that the Supreme Court had rejected its approach in *Olson*, and instead found that: " '[A] complainant in a deferral state must file the complaint within 240 days of the alleged discriminatory practice to insure timely filing with the EEOC.' " *Id.* at 493 (quoting *Owens v. Ramsey Corp.*, 656 F.2d 340 (8th Cir. 1981)).

Defendants acknowledge that a plaintiff who "has initially instituted proceedings with a State or local agency" has 300 days to file with the EEOC. 42 U.S.C. § 2000e-5(e)(1). See Docket 11 at 2. Defendants contend, however, that Houck did not file her claim with the State agency and therefore does not receive the benefit of this provision. On a motion to dismiss, however, the court

cannot make such a presumption. Houck averred in her complaint that the charge of discrimination was timely submitted to the EEOC. Furthermore, it may well be that in a deferral state, such as South Dakota, the EEOC automatically defers the discrimination charge to the South Dakota Division of Human Rights Agency upon receipt because this is what happened in *Jones v. American State Bank*, 857 F.2d 494, 495 (8th Cir. 1988). And in *Mohasco,* the Supreme Court observed that the EEOC, upon receipt of a complaint, immediately forwarded the plaintiff's complaint to the state agency, which the Court then treated as the institution of state proceedings. *Mohasco,* 447 U.S. at 816. Assuming the averments in the complaint to be true, the EEOC received the complaint 213 days after the alleged discriminatory practice. Such a filing would be timely under the EEOC's practices as articulated in *Jones* and *Mohasco.*

For these reasons, it is

ORDERED that defendants' motion to dismiss (Docket 10) is denied.

Dated April 26, 2013.

                         BY THE COURT:

                         /s/ *Karen E. Schreier*
                         KAREN E. SCHREIER
                         UNITED STATES DISTRICT JUDGE